**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| KAREN ANDREA CASTELLANOS, | ) | |
| Petitioner, | ) | Case No. SACV 13-610-JST (AJW) |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING PETITION |
| ERIC H. HOLDER, JR., | ) | |
| Respondent. | ) | |

Petitioner, a Guatemalan national, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 16, 2013. At the time she filed the petition, petitioner was in ICE custody pursuant to an order of removal. According to petitioner, she has been detained by Immigration and Customs Enforcement ("ICE") since April 11, 2012 based upon the removal order. Although an immigration judge granted petitioner's request to be released from ICE custody, the release order required petitioner to post a bond in the amount of $20,000. Petitioner contends that her current detention is unconstitutional because she cannot afford to post the $20,000 bond and because the government failed to demonstrate that she is a flight risk or a danger to the community. As relief, petitioner seeks an order requiring that she be released without bond or that she be provided an individualized

bond hearing.  [Petition at 1-22].

On August 1, 2013, respondent filed an answer to the petition, arguing that the petition should be dismissed as moot.  Petitioner did not file an opposition.[1]

Petitioner does not challenge a removal order.  Instead, petitioner complains that she is being unconstitutionally detained pending the final adjudication of a removal order.  Petitioner, however, is no longer detained.  She was released from custody on July 11, 2013. [Answer at 3].  Therefore, petitioner already has obtained the relief she sought, and there is no additional relief that this Court could grant her.  Accordingly, this petition is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1063-1064 (9th Cir. 2007), cert. denied, 552 U.S. 1267 (2008)("[A] petitioner's release from detention under an order of supervision 'moot[s] his challenge to the legality of his extended detention.'") (quoting Riley v. I.N.S., 310 F.3d 1253, 1256-1257 (10th Cir. 2002)).

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed.

It is so ordered.


Dated: September 29, 2013

                              **JOSEPHINE STATON TUCKER**
                              _____
                              Josephine Staton Tucker
                              United States District Judge

_____

[1]  Pursuant to Local Rule 7-12, failure to file an opposition may be deemed to be consent to the granting of the motion.  Therefore, the motion to dismiss also may be granted on the basis of petitioner's failure to oppose the motion.